Scott Brooker v. US Army          CV-98-557-B    07/23/99

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Scott Brooker

    v.                                  Civil No. 98-557-B

United States Army


### O R D E R


Scott Brooker challenges a decision by the Army Board for the Correction of Military Records ("ABCMR") rejecting his request to upgrade his military discharge. I construe the complaint to assert a claim for judicial review of the ABCMR's decision pursuant to the Administrative Procedure Act, 5 U.S.C.A. §§ 551-09, 701-06.[1] The United States has moved for summary

---

[1] Brooker initially asserted that he was entitled to recover damages from the United States based on 42 U.S.C.A. § 1983. I dismissed his claim, however, because § 1983 does not provide a basis for relief against the United States. I also determined that Brooker cannot maintain a claim for damages in this court based on the "Little Tucker Act," 28 U.S.C.A. § 1346(a)(2), because he is seeking more than $10,000 in damages. Finally, although the Magistrate Judge suggested in a Report and Recommendation that Brooker might be able to base a claim for injunctive relief on 10 U.S.C.A. § 1552, that statute only authorizes the secretary of a military department to correct a military record. It does not empower a federal court to issue an injunction altering a military record. Brooker has not expressly asserted a claim based on the APA. Nevertheless, I construe his pro se complaint generously to assert such a claim as it provides him with the only conceivable grounds for the relief he seeks.

judgment.  Because I conclude as a matter of law that the ABCMR's decision was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C.A. § 706(2)(A), I grant the government's motion.

## **FACTS**[2]

Brooker enlisted in the Army on June 12, 1967, for a term of three years.  He was subjected to repeated disciplinary actions for absenting himself from his unit without proper authority.  After a sixth incident of unauthorized absence, Brooker was charged with being absent without leave ("AWOL").

On April 10, 1970, Brooker signed and submitted a written request for a voluntary discharge.  The request states, "I have not been subjected to coercion with respect to this request for discharge and I have been advised of the implications that are attendant to it."  The request further states, "I understand that, if this request for discharge is accepted, I may be

---

[2] The facts are drawn from the administrative record and are construed in the light most favorable to Brooker.

discharged under other than honorable conditions and furnished an undesirable discharge certificate." Brooker's attorney also signed the request and certified that "[h]aving been advised by me of the basis for his contemplated trial by court martial under circumstances that could lead to a bad conduct or dishonorable discharge . . . , of the effects of this request for discharge, and the rights available to him, Phillip S. Brooker personally made the choices indicated in the foregoing request for discharge." Brooker was discharged from the Army under other than honorable conditions on June 30, 1970.

Brooker filed a request with the ABCMR to upgrade the status of his discharge in 1996. He alleged that his unexcused absences were caused by "mental [problems], emotional [problems], and drug abuse." He claimed that the Army wrongfully refused his requests for treatment. He also asserted that he signed the request after receiving a threat from an unspecified person that he otherwise would be sentenced to 25 years in prison. Finally, he asserted that "Petitioner learned on his DD214 Form #30 that after 11 years he could have had discharge changed to a general under honorable conditions."

The ABCMR reviewed Brooker's application and his case file and rejected his request on May 6, 1998. The Board concluded that:

1. The evidence of record does not support the applicant's contention that he has applied to the Board for more than eleven years with no response, neither did he provide any independent corroborating evidence in support of his contention.

2. The evidence of record is clear, and shows the applicant was charged with the commission of an offense punishable under the Uniform Code of Military Justice (UCMJ) with a punitive discharge and after consulting with legal counsel, he voluntarily, and in writing, requested separation from the Army in lieu of trial by court-martial. In doing so, the applicant admitted guilt to the stipulated offenses under the UCMJ.

3. The discharge proceedings were conducted in accordance with law and regulation applicable at the time. The reason for and the character of the discharge are commensurate with the applicant's overall record of military service.

4. In order to justify correction of a military record the applicant must show to the satisfaction of the Board, or it must otherwise satisfactorily appear, that the record is in error or unjust. The applicant has failed to submit evidence that would satisfy the aforementioned requirement.

5. In view of the foregoing, there is no basis for granting the applicant's request.

The ABCMR denied Brooker's request for reconsideration on September 22, 1998.

Brooker filed his federal court action on October 3, 1998. He repeats the allegations he made in his ABCMR application and

-4-

further alleges that his counsel pressured him into requesting the discharge by telling him that he otherwise would be given 20 years in prison and would lose all of his military benefits. He claims that counsel also told him that he would be entitled to "regain everything" after 11 years if he avoided a court martial by requesting a discharge.

## ANALYSIS

The United States has moved for summary judgment arguing that the ABCMR's decision was not "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law."[3]  5 U.S.C.A. § 706(2)(A).  In reviewing a claim based on the APA, I ordinarily must base my decision on the administrative record that was before the agency when it made its decision.  <u>See</u>

---

[3]  The government also argues that the court lacks subject matter jurisdiction because Brooker voluntarily resigned. I fail to understand this argument.  The government does not argue that the ABCMR lacked jurisdiction to consider Brooker's request. Moreover, the Supreme Court has recognized that "a serviceman claiming something other than monetary relief may challenge a BCMR's decision to sustain a decision to drop him from the rolls (or otherwise dismissing him) as final agency action under the Administrative Procedure Act (APA), 5 U.S.C.A. § 551 et seq., <u>see</u> 704, 706".  <u>Clinton v. Goldsmith</u>, 119 S. Ct. 1538, 1544 (1999). While the fact that a resignation may have been voluntary may prevent a former serviceman from prevailing on the merits, it does not deprive the court of subject matter jurisdiction to consider his claim based on the APA.  Accordingly, I reject the government's subject matter jurisdiction argument.

Massachusetts v. Daley, 170 F.3d 23, 27 n.4 (1st Cir. 1999); McDougall v. Widnall, 20 F. Supp. 2d 78, 82 (D.D.C. 1998). I must determine *de novo* whether an agency's decision has been based on an error of law. See Dubois v. United States Dep't of Agric., 102 F.3d 1273, 1284 (1st Cir. 1996). Otherwise, I will subject the decision to a "searching and careful inquiry" and uphold it as long as it is based on "a reasoned evaluation of the relevant factors." See id. at 1285 (internal quotations omitted); Clinton v. Goldsmith, 119 S. Ct. 1538, 1544 (1999).

Applying these precedents to the facts set forth in the administrative record, I conclude that the government is entitled to judgment as a matter of law. The ABCMR may alter a military record when it is "necessary to correct an error or remove an injustice." 10 U.S.C.A. § 1552. In this case, the Board reasonably determined based on the administrative record that: (1) Brooker had been charged with an offense punishable by a punitive discharge; (2) after consulting with counsel, Brooker admitted his guilt of the stipulated offense and voluntarily requested separation from the Army to avoid a court martial; (3) notwithstanding Brooker's assertions to the contrary, he understood the implications of his decision; and (4) the discharge proceedings were conducted in accordance with law.

Since the record contains substantial evidence to support each of these conclusions, I reject Brooker's assertion that the Board arbitrarily or illegally exercised its discretion in refusing to upgrade his discharge.  Accordingly, I grant the government's motion for summary judgment.

## CONCLUSION

The government's motion for summary judgment (document no. 19) is granted.  All other motions are denied as moot.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

July 23, 1999

cc:  Scott Brooker, pro se
     Gretchen Leah Witt, Esq.